IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| YAZMIN GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | EP-23-CV-00187-KC-LS |
| CONSUMER LEGAL GROUP P.C., a | § | |
| NEW YORK PROFESSIONAL LIMITED | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

*Pro se* plaintiff Yazmin Gonzalez sued the defendant for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and a related Texas state law claim. The defendant is in default[1] and Gonzalez moves for a default judgment.[2] Her motion is internally inconsistent, however, in that it seeks both judgment "in the amount of $37,027.00" based on four phone calls,[3] and/or "an award of $70,977.00"[4] based on seven phone calls in violation of § 227(b), ten phone calls in violation of § 227(c), and nine phone calls in violation of the related Texas state statute. I cannot determine which figure Plaintiff intended because she may seek to rely only on the four phone calls that occurred after she told the defendant to stop calling her so as to garner treble damages.[5] Alternatively, if she intended the $70,977.00 figure, she makes no argument why the calls that occurred before her cease and desist request merit treble damages.

"[A]ccordingly, because Plaintiff has not clearly indicated how [she] calculated the total

---

1  Doc. No. 10.
2  Doc. No. 13.
3  *Id*. at 9.
4  *Id*.
5  *See* 47 U.S.C. §§ 227(b)(3), (c)(5).

sum[s] requested in [her] Motion for Default Judgment, there is an insufficient basis for the Court to enter a default judgment at this time."[6]

### Recommendation

I recommend that the District Court **DENY** Gonzalez's Motion for Default Judgment [Doc. No. 13] and grant her thirty days to revise and refile her motion with the admonition that failure to do so may result in the dismissal of the lawsuit.

SIGNED and ENTERED this 4th day of January, 2024.

LEON SCHYDLOWER
UNITED STATES MAGISTRATE JUDGE

### NOTICE

**THE PARTIES HAVE FOURTEEN DAYS FROM SERVICE OF THIS REPORT AND RECOMMENDATION TO FILE WRITTEN OBJECTIONS. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). FAILURE TO FILE TIMELY OBJECTIONS MAY PRECLUDE APPELLATE REVIEW OF FACTUAL FINDINGS OR LEGAL CONCLUSIONS, EXCEPT FOR PLAIN ERROR. *ORTIZ V. CITY OF SAN ANTONIO FIRE DEP'T*, 806 F.3d 822, 825 (5th Cir. 2015).**

---

6 *Bmo Harris Bank N.A. v. Eptms, Inc.*, EP-18-CV-163-KC, 2018 U.S. Dist. LEXIS 224731 (W.D. Tex. Nov. 2, 2018), citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).