UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
El PASO DIVISION

| | |
|---|---|
| **YAZMIN GONZALEZ** § § § **Plaintiff,** § § **v.** § **EP-23-CV-00187-KC** § **CONSUMER LEGAL GROUP P.C.** a New York § Professional Limited Company § § **Defendant.** § § | |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff YAZMIN GONZALEZ respectfully moves, under Fed. R. Civ. P. 50(b)(2), for a default judgment against Defendant CONSUMER LEGAL GROUP P.C.

### I.    STATEMENT OF FACTS

**Liability:** Plaintiff in this case, Yazmin Gonzalez, received (10) calls to her personal telephone number ending in -1859, which was listed on the National Do Not Call Registry since March 2022. Compl. ¶ 10. Plaintiff is charged for this cell phone bill through T-Mobile. Defendant runs a debt relief business. Defendant uses telemarketing to market its services, including to persons, like Plaintiff, who are registered on the National Do Not Call Registry and who did not provide her prior express written consent to receive such solicitations.

**Jurisdiction:** This Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statue. *Mims v. Arrow Fin. Serv.,* LLC, 565 U.S. 368, 372 (2012).

**Injury:** Plaintiff has been harmed, injured and damage by the calls including, but not limited to: reduce devices storage, space and reduce data plan usage, invasion of privacy, reduced enjoyment and usage of her cell phone, reduced battery usage, anger, frustration and aggravation.

**Damages:** Damages for violation of the Texas Business Commerce Code ("TBCC") each solicitation call is $5,000, violations of the TCPA § 227(b) and TCPA § 227(c) are set by statute at $500 per violation, which can be up to trebled if the Court finds the conduct to be knowing and/or willful *Perrong v. Atom Property Sol's, LLC*, No. 2:22-cv-02000-MMB, ECF No 10, at *1 (E.D. Pa. Nov. 30, 2022) (nearly identical motion as here); *Perrong v. MLA Int'l, Inc.*, No. 6:20-CV-1606-RBD-EJK, 2022 WL 1238603, at *1 (M.D. Fla. Mar. 2, 2022), report and recommendation adopted in part, rejected in part, No. 6:20-CV-1606-RBD-EJK, 2022 WL 1238609 (M.D. Fla. Mar. 18, 2022); *Perrong v. Tranzvia, LLC.*, Civ. No. 2:17-cv-03664, at *1 (E.D. Pa. Apr. 5, 2018). To demonstrate that the conduct was knowing and/or willful, Plaintiff need merely prove that the defendant acted voluntarily and under its own free will, regardless of whether the defendant knew it was acting in violation of the statute. *Charvat v. Ryan*, 116 Ohio St. 3d 394 (Ohio 2007), *quoting* 47 U.S.C. § 312(f)(1). A more explicit calculation will follow in the following sections.

However, Plaintiff alleges that, of the ten (10) known violative calls by Defendant to Plaintiff, six (6) were placed in violation of the TCPA 227(b), all ten (10) were placed in violation of the TCPA 227(c) along with seven (7) calls that were made in violation of the Texas Business and Commerce Code 302.101. Plaintiff did not provide her prior express written consent to receive any of the calls. Therefore, Plaintiff is entitled to $31,000 for statutory violations, plus her $402 filing fee and $75.00 in service costs for a grand total of $43,477.00.

**Posture:** On May 5, 2023, Plaintiff filed her Complaint against Defendant, alleging violations of the Telephone Consumer Protection Act ("TCPA") and Texas Business Commerce Code ("TBCC") and regulations promulgated thereunder. Defendant was served on June 6, 2023, the answer to the complaint was on June 26, 2023. On July 26, 2023, Plaintiff moved for entry of default against Defendant. ECF No. 7. On July 28, 2023, default was entered against Defendant. ECF No. 10. Defendant did not respond to the Complaint. This motion now follows. Plaintiff now moves for default judgment under Rule 50(b)(2) of the Federal Rules of Civil Procedure.

## II.   ARGUMENT AND AUTHORITIES

Fed. R. Civ. P. 55(b)(2) permits a court to enter a final judgement in a case following a defendant's default. It is well settled in this Circuit that the entry of a default judgement is left primarily to the discretion of the district court. Tozer v. Charles A. Krause Milling Co., 189 F.2d

242, 244 (3d Cir. 1951). As a threshold matter, a court must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties, ensure the Plaintiff has pled a cognizable claim, and ensure the defendant had a fair notice of their opportunity to object. *See, e.g., Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C.*, Civ. No. 05-3452 at *9 (D.N.J. July 31, 2008). For the reasons set forth below, these threshold conditions are met, and default judgment is warranted.

### A. The Court Has Jurisdiction and Service of Process Was Proper

The Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims and specific personal jurisdiction over Defendant. Further, Defendant was duly served with process in accordance with the requirements of Fed R. Civ. P. 4.

#### i. Subject Matter Jurisdiction

This Court has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

#### ii. Personal Jurisdiction

There exist two types of personal jurisdiction: general and specific. Specific personal jurisdiction exists when the defendant has "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). General personal jurisdiction exists when the defendant's contacts with the forum, whether or not related to the litigation, are "continuous and systematic." *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

As a preliminary matter, the court has *specific* jurisdiction over Defendant because the constitutional requirements of purposeful direction and fair play are satisfied. Where no applicable federal statute addresses the issue (as is the case here), the district court "asserts personal jurisdiction over non-resident Defendant to the extent permissible under the law of the state where the district court sits." *Pennzoil Products Co. v. Colelli Associates*, 149 F.3d 197 (3d Cir. 1998). Under Pennsylvania's long-arm statute, personal jurisdiction over a non-resident Defendant is

permitted "to the fullest extent allowed under the Constitution of the United States." 42 Pa.C.S.A. § 5322(b); *Renner v. Lanard Toys Ltd.*, 33 F.3d 277 (3d Cir. 1994).

The due process limit to the exercise of personal jurisdiction is defined by a two-prong test. First, the Defendant must have made constitutionally sufficient "minimum contacts" with the forum. *Burger King Corp*. Second, if "minimum contacts" are shown, jurisdiction may be exercised where the court determines, in its discretion, that to do so would comport with "traditional notions of fair play and substantial justice," i.e., is reasonable. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).

Plaintiff's pleadings show that both these elements are satisfied to meet the requirements for asserting specific personal jurisdiction over Defendant. First, Defendant have "minimum contacts" with the forum. The "minimum contacts" test is satisfied by "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014). Courts have repeatedly held where a defendant makes a call or sends a message into the forum state in violation of the TCPA, this action alone is sufficient to confer specific jurisdiction over the defendant. *See Rinky Dink Inc. v. Elec. Merch. Sys. Inc.*, No. C13-1347-JCC, 2014 WL 5880170, at *3 (W.D. Wash. Sept. 30, 2014) (finding express aiming where defendant transmitted calls to telephone numbers with Washington area codes, even if at the direction of another party); s*ee also Abramson v. CWS Apartment Homes, LLC*, No. CV 16-426, 2016 WL 6236370, at *4 (W.D. Pa. Oct. 24, 2016) (holding Pennsylvania has an interest in protecting its citizens from harm inflicted by nonresidents and holding that sending a text message to a Pennsylvania area code would make the exercise of specific personal jurisdiction reasonable).

Plaintiff has alleged precisely that the Defendant made calls into Texas, to Texas area codes, to numbers registered in Texas. It is registered to do business here and offers its debt eliminations services here. Defendant "expressly aimed [its] conduct in Texas" because Plaintiff's phone number was associated with the State of Texas. *Abramson v. Caribbean Cruise Line, Inc.*, No. 2:14-CV-00435, 2014 WL 2938626, at *8 (W.D. Pa. June 30, 2014) (quoting *Marten v. Godwin*, 499 F.3d 290, 298 (3d Cir. 2007)).

4

Turning next to the "reasonableness" prong, requiring Defendant to defend in Texas is not unreasonable. After sufficient minimum contacts are found, it becomes the defendant's burden to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477. Defendant have failed to carry this burden as Defendant is in default. Accordingly, personal jurisdiction over Defendant is proper.

    iii.    **Service of Process**

In Under the Federal Rules of Civil Procedure, Defendant Consumer Legal Group was properly served with process and therefore had the opportunity to respond but did not. Under FED. R. CIV. P. 4(h), a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Here, on June 5, 2023, Plaintiff effected service under Rule 4(h). Plaintiff's process server served the complaint, summons and other initiating papers on the registered agent of Defendant personally. Thus, Plaintiff effected service under Rule 4(h).

**B. The Balance of Factors Weighs in Favor of a Default**

It is clear that the balance of factors surrounding Defendant's opportunity to object weighs in favor of a default. Plaintiff would be prejudiced without a default. Furthermore, because Defendant have not responded, the Court is unable to consider neither the existence nor lack of meritorious defenses, so this factor also weighs in Plaintiff's favor. Finally, by refusing to participate in any way in court proceedings, Defendant has demonstrated the culpability necessary for their failure to respond to weigh against them.

    i.    **Without Default, Plaintiff Will be Denied Relief**

In considering a default judgment motion, the court must consider if the complaint is well-pled and has a sufficient basis in law. *See Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011). The court must also consider the prejudice suffered by the party seeking default judgement. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). Plaintiff has been prejudiced by Defendant's failure to respond by being prevented from prosecuting his case, engaging in discovery, and seeking relief in the normal course. *Pension Fund of Philadelphia*

*& Vicinity v. Am. Helper, Inc.*, Civ. No. 11-624, (D.N.J. Oct. 5, 2011). Here, Defendant made aware of its unlawful conduct when it was served and by virtue of a waiver of service, all of which went ignored. Nevertheless, Defendant have failed to appear and defend against this action. In the absence of a default judgment, Plaintiff will be unfairly prejudiced because she will be unable to obtain a decision on the merits and will be effectively denied all relief. Finally, "the TCPA expressly provides for the award of statutory damages, which further supports a finding that [the p]laintiff will be unfairly prejudiced (and [the d]efendant's conduct will not appropriately be deterred) if default judgment is not entered." *Righetti v. Auth. Tax Servs., LLC,* Civ. No. C-14-0146-EMC, at *6 (N.D. Cal. Jul. 6, 2015). For these reasons, this factor weighs in favor of Plaintiff.

  ii. **Defendant has no Meritorious Defense**

In seeking a default judgment, the lack of a defense weighs in favor of Plaintiff. Because the Defendant did not respond, the Court cannot determine whether or not Defendant had meritorious defenses that are not reflected in the record. The Court must therefore conclude that Defendant had no meritorious defense. The lack of any support for a meritorious defense is sufficient to warrant default judgment. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir. 1984) (holding that the threshold issue in assessing default judgement is the presence of a *prima facie* case for a meritorious defense). Since there is no possibility for litigation on the merits or the consideration of possible defenses, the court must weigh this factor in favor of the Plaintiff.

  iii. **Defendant is Culpable for its Conduct**

The standard for culpability is "willfulness" or "bad faith" on the part of the defendant. *Hritz v. Woma Corp.*, 732 F.2d 1178 (3d Cir. 1984). "[M]ore than mere negligence [must] be demonstrated." *Id*. at 1183. "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard." *Id*.; *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, Civ. No. 05-1031, *3 (3d Cir. March 14, 2006). Courts in this circuit have found lack of culpability only where the mistakes were innocent, accidental or somehow excusable. *Emcasco*, 834 F.2d at 75 (finding no culpability where the defendant was not notified of a court conference, he was only given two days to give an answer, and his counsel was misinformed about what was required). Defendant's failure to answer, despite adequate service

6

and actual knowledge of the lawsuit, evidences their culpability in their default. Accordingly, this weighs in favor of Plaintiff.

### C. The Complaint Sufficiently Pleads a Cause of Action and Damages are Proven

The pleading clearly meets all the standards for legal sufficiency under Rule 8 and clearly outlines the conduct alleged and the basis for alleging it. The damages sought by Plaintiff of $43,477.00, are both reasonable and fair given the circumstances and facts of the case.

#### i. **Legal Sufficiency**

Default judgment is favored where the complaint sufficiently states a claim for relief under the liberal pleading standards embodied in Rule 8 of the Federal Rules of Civil Procedure. The Court must accept all well-pleaded factual allegations in a complaint as true, except as to damages. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). In the pre-discovery phase, general allegations in a TCPA case are sufficient. *Robbins v. Coca-Cola-Co.*, No. 13-CV-132-IEG(NLS) (S.D. Cal. May. 22, 2013). Here, Plaintiff has alleged and supported his TCPA claims with more than adequate specificity. *Compare* Compl. ¶ 16-37 (date, caller ID, called number, message content, and whether or not the called number was on the National Do Not Call Registry) *with*, e.g., *Frischberg v. Glob. Serv. Grp., LLC*, No. 1:17-cv-4449 (NLH/KMW) (D.N.J. Jul. 18, 2018); *Righetti v. Auth. Tax Servs., LLC*, No. C-14-0146 EMC (N.D. Cal. Jul. 6, 2015).

In particular, Plaintiff has adequately and specifically stated claims for calls placed to a number on the National Do Not Call Registry after Plaintiff revoked her consent to be contacted. 47 U.S.C. § 227(c) and the regulations promulgated thereunder at 47 C.F.R. § 64.1200(c)(2), (c)(5), and (d)(6).

**First Claim:** The elements of this claim are: (1) the defendant called a private telephone number; (2) registered on the National Do Not Call Registry; (3) at least twice in any 12-month period; (4) for initiating any telephone solicitation; (5) without consent or having had consent revoked. 47 C.F.R. § 64.1200(c)(2); 47 U.S.C. § 227(c)(5); 47 U.S.C. § 227(d)(6).

Plaintiff's Complaint pleads each element of this claim:

(1) Defendant called Plaintiff's private telephone number, Compl. ¶ 14;

(2) registered on the National Do Not Call Registry, *id*. ¶ 10;

7

(3) at least twice in any 12-month period, *id.* ¶ 23;

(4) for the purpose of initiating any telephone solicitation, *id.* ¶ 30;

**Second Claim:** The elements of this claim are: (1) the defendant called Plaintiff using an artificial or prerecorded voice message; (2) these calls were made using a prerecorded voice message with Plaintiff's prior express written consent 47 U.S.C. § 227(b)(1)(A)(iii);

Plaintiff's Complaint pleads each element of this claim:

(1) Plaintiff received voicemails with prerecorded voice message in calls 1,2,3,4,7, and 10 Compl. ¶ 21 and 23;

**Third Claim:** The elements of this claim are: (1) the defendant does not have a registration and bond on file with the Texas Secretary of State to make telephone solicitation calls into Texas either directly or through its telemarketer; Texas Business and Commerce Code 302.101.

Plaintiff's Complaint pleads each element of this claim:

(1) Defendant is not registered pursuant to § 302.101 of the Texas Business & Commerce Code to provide telephone solicitations ¶ 12;

ii. **Damages are Appropriate for Default Judgment**

"[T]he sum of money at stake in [a TCPA] action is particularly appropriate for resolution on default judgment because TCPA damages are specifically set by statute." *Auth. Tax Servs.*, at *7. The general rule is that cases seeking statutory damages are well-suited to default judgment, even without a hearing. *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1126 (M.D. Ala. 2004); *accord Frazier*, 767 F. Supp. 2d at 1365.

Thus, in TCPA cases, a six-figure demand does not cause the sum-at-stake to weigh against granting default judgment. In fact, courts around the country have granted six and even seven-figure default judgments in TCPA cases. *See* e.g., *Cunningham v. Select Student Loan Help, LLC*, Civ. No. 3:15-cv-00554, at *1 (M.D. Tenn. July 16, 2018) ($249,000); *Cunningham v. Enagic*

8

*USA, Inc.*, Civ. No. 15-00847, at *1-2 (Jan. 16, 2018 M.D. Tenn.), ECF No. 274 ($259,500); *Tranzvia, LLC.*, at *1 ($45,000).

The statutory penalty for a TCPA violation is $500 for each *violation* of section (b), section (c), or both sections. This damage can be up to trebled to $1,500. *Charvat v. NMP, LLC*, 656 F.3d 440 (6th Cir. 2011). (Holding that a plaintiff can recover for multiple violations under sections 227(b)(3) and section 227(c)(5) even if multiple violations arose from the same call).

The sum of statutory damages, therefore, totals $43,477. Courts have routinely awarded treble damages in assessing TCPA damages arising from defaults. In fact, courts have routinely awarded treble damages when the Plaintiff pleads a revocation of consent. *Mabeza v. Ashfield Mgmt. Servs., LLC*, Civ. No. 17-cv-1946-AJB-KSC, (S.D. Cal. Mar. 20, 2018). Intent to violate the statute is not required for treble damages. *Alea London Ltd. v. Am. Home Servs.*, 638 F.3d 768, 776 (11th Cir. 2011). (Holding that malice and wantonness are not required for treble damages in a TCPA action). So long as the Defendant knows the facts underlying the offense, it can be held liable for treble damages—ignorance of the law is no excuse. *Charvat v. Ryan*, 879 N.E.2d 765, 767 (Ohio 2007). That is so even when the defendant made just one illegal call and made a good-faith attempt to comply with the law. *Id.* at 768.

The calls invaded Plaintiff's privacy and were frustrating, annoying, and obnoxious. On a motion for default judgment in a TCPA case, a Plaintiff's "burden to prove up the amount of damages is minimal because the TCPA provides for the award of statutory damages." *Auth. Tax Servs.,* at *8. This conclusion is unchanged by the number of calls for which damages are sought. *Id.* at *9. Essentially, what matters is whether the *prima facie* elements are pled for each violation, as they are here, and not the number of violations.

In addition, the Plaintiff paid the $402 filing fee, which she is entitled to recover as a taxable cost as a prevailing party under 28 U.S.C. § 1920(1). Furthermore, the Plaintiff expended $75 in effectuating service of process. Therefore, Plaintiff is entitled to recover costs of service under Fed. R. Civ P. 4(d)(2). *Mercedes-Benz Fin. Servs. USA LLC v. Chandler*, No. 19-CV-15716-ES-ESK, 2020 WL 3892360, at *2 (D.N.J. July 2, 2020). Therefore, Plaintiff seeks a total judgment of $43,477.00.

Given the foregoing, Plaintiff requests damages be calculated according to the above case precedent and prays that judgement be entered in the amount of $43,477.00, calculated as follows: $500 per 227 (b) violation for six violations, $500 per 227 (c) violations for ten violations, $5,000

per Texas Business and Commerce Code 302.101 violations for seven violations plus $402 in filing fees, and $75.00 in service fees.

## CONCLUSION

Defendant decided to make calls to the Plaintiff through defendant's telemarketer (to a number listed on the National Do Not Call Registry, use an artificial or prerecorded voice message, and not obtain a registration and bond on file to solicit into Texas. Defendant decided not to defend this lawsuit. Accordingly, entry of default judgment against Defendant is appropriate. Plaintiff Yazmin Gonzalez respectfully prays for an award of $43,477.00, plus any other relief that the court deems just and proper.

February 1, 2024,                                                                        Respectfully Submitted,

*[signature]*

Yazmin Gonzalez
Plaintiff, Pro se
14250 Charles Pollock
El Paso, Tx 79938
915-820-1859

## CERTIFICATE OF SERVICE

Plaintiff certifies that on, he filed the foregoing on the Court's Electronic Document Submission (EDS) system for *pro-se* litigants. I also certify that I mailed a copy of the foregoing to:

CONSUMER LEGAL REQUEST P.C.
c/o USACORP INC
325 Division Ave, Ste 201
Brooklyn, NY 11211

Yazmin Gonzalez
Plaintiff, Pro se
14250 Charles Pollock
El Paso, Tx 79938
915-820-1859