IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| YAZMIN GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. EP-23-CV-187-KC |
| | § | |
| CONSUMER LEGAL GROUP P.C., | § | |
| | § | |
| Defendant. | § | |

## ORDER

On this day, the Court considered Plaintiff's Motion for Default Judgment ("Motion"), ECF No. 17.  Plaintiff filed her first Motion for Default Judgment, ECF No. 13, on September 12, 2023.  On November 14, 2023, the Court referred that Motion for Default Judgment to United States Magistrate Judge Leon Schydlower pursuant to 28 U.S.C. § 636(b) for proposed findings of fact and recommendations.  Nov. 14, 2023, Text Order.  On January 4, 2024, the Magistrate Judge filed a Report and Recommendation ("R&R"), ECF No. 14, concluding that Plaintiff did not provide the Court with a sufficient basis to enter a default judgment because Plaintiff's Motion for Default Judgment was "internally inconsistent, [ ] in that it s[ought] both judgment 'in the amount of $37,027.00' . . . and/or 'an award of $70,977.00.'"  R&R 1–2.  Neither party filed objections, so, "[a]fter reviewing the R&R, the Court agree[d] with the Magistrate Judge's proposed findings of fact and conclusions of law" and adopted the R&R in full, denying the Motion for Default Judgment without prejudice to refiling.  Jan. 19, 2024, Order 1–2, ECF No. 16.

Plaintiff refiled her Motion on February 1, 2024.  However, like Plaintiff's earlier Motion for Default Judgment, this Motion is internally inconsistent as to the judgment she requests.  In

one instance, Plaintiff explains that she "is entitled to $31,000 for statutory violations, plus her $402 filing fee and $75.00 in service costs."  Mot. 2.  If these amounts were correct, Plaintiff's total request should be $31,477.00.  Instead, Plaintiff states that these amounts result in "a grand total of $43,477.00," Mot. 2, a damages figure which she repeatedly seeks throughout the Motion, *id.* at 7, 9; Decl. ¶¶ 7, 8, ECF No. 17-1.  Elsewhere, Plaintiff explains that her claims consist of: (1) six violations of 47 U.S.C. § 227(b); (2) ten violations of 47 U.S.C. § 227(c); and (3) seven violations of section 302.101 of the Texas Business and Commerce Code, in addition to filing and service fees.  Mot. 9–10.  But in the attached Declaration in Support, ECF No. 17-1, she claims: (1) "five (7)" violations of 47 U.S.C. § 227(b); (2) "eight (10)" violations of 47 U.S.C. § 227(c); and (3) "five (7)" violations of section 302.101 of the Texas Business and Commerce Code, in addition to filing and service fees.  Decl. ¶ 7.

Plaintiff's refiled Motion thus suffers from the same sort of unexplained inconsistencies that resulted in denial of her first Motion for Default Judgment.  Federal Rule of Civil Procedure 41(b) "allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute," *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190–91 (5th Cir. 1992) (citations omitted), or for failure to comply with a court order, *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) (citations omitted).  "This authority is based on the 'courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases.'"  *Berry*, 975 F.2d at 1191 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

Here, Plaintiff timely refiled her Motion, only to substitute new non sequiturs and inconsistencies for the prior deficiencies.  Plaintiff has thus failed to comply with a court order, so the Court may dismiss her case under Rule 41(b).  *See Campbell*, 988 F.3d at 800.  "Where a

district court's order dismissing a complaint effectively 'bars further litigation,'" dismissal is equivalent to dismissal with prejudice, and must be "reserved for 'extreme circumstances.'" *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 805–06 (5th Cir. 2012) (quoting *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 212–13 (5th Cir. 1976)). But those concerns are not present in this case:  Because the Court only dismisses Plaintiff's claims without prejudice, she may re-assert them by filing a new lawsuit and paying a new filing fee.  *See id.*

Accordingly, Plaintiff's Motion, ECF No. 17, is **DENIED**.

**IT IS FURTHER ORDERED** that all claims in this case are **DISMISSED** without prejudice.

The Clerk shall close the case.

**SO ORDERED.**

SIGNED this 5th day of February, 2024.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

3